**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

PAWANDEEP SINGH SEKHON,

Petitioner,

v. Case No. 2:26-cv-03141 KWR-JFR

WARDEN, *Otero County Processing Center*,
MARY DE ANDA-YBARRA, *Field Office Director, El Paso, U.S. Immigration and Customs Enforcement,*
ACTING DIRECTOR*,*
*Immigration and Customs Enforcement,*
TODD BLANCHE, *U.S. Attorney General, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*,

Respondents.

**ORDER DENYING HABEAS PETITION**

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (**Doc. 1**). Petitioner is a non-citizen who has been detained since he was apprehended at the border. At the time of his detention at the border, he was clearly an arriving alien or seeking admission into the United States under 8 U.S.C. § 1225(b). Petitioner asserts that his detention is prolonged in violation of his due process rights under the Fifth Amendment. Having reviewed the parties' pleadings, briefing, and the relevant law, the Court finds that the Petition is not well-taken and therefore is **DENIED.**

**BACKGROUND**

Petitioner is a citizen of India. He was detained at the border on June 14, 2025 under 8 U.S.C. § 1225(b) and has been detained since then. He asserts that an immigration judge ordered him removed on February 11, 2026. He appealed the decision. His appeal remains pending.

This is Petitioner's second habeas petition challenging his immigration detention. *See Singh Sekhon v. Warden*, Case No. 2:26-cv-01095 KWR-SCY (D.N.M.). The Court denied his first petition. Petitioner again asserts that his detention is prolonged in violation of due process.

**DISCUSSION**

Petitioner assert that his prolonged detention violates his due process rights under the Fifth Amendment. He requests that he be immediately released. The Court disagrees.

Initially, the Court notes that is clear that Petitioner is mandatorily detained under 8 U.S.C. § 1225(b). Petitioner was apprehended at the border, and he has been detained since his initial arrest. Under the Immigration and Nationality Act ("INA"), two statutes generally govern a noncitizen's detention pending a final order of removal: §§ 1225 and 1226. *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). Section 1225(b)(1) mandates detention for certain arriving aliens. Section 1225(b)(2)(A), which also mandates detention, applies when "an applicant for admission" is "seeking admission" and "not clearly and beyond a doubt entitled to be admitted." § 1225(b)(2)(A). Generally, "§§ 1225(b)(1) and (b)(2) mandate detention of aliens throughout the completion of applicable proceedings and not just until the moment those proceedings begin." *Jennings v. Rodriguez*, 583 U.S. 281, 302 (2018). Here, Petitioner's detention clearly falls under § 1225(b), as he was detained at the border. He is either an arriving alien under § 1225(b)(1), or was seeking admission into the United States under § 1225(b)(2)(A). Therefore, Petitioner is mandatorily detained under § 1225(b) and he is not entitled to a bond hearing.

Because Petitioner is deemed to not have effected an entry into the country, his procedural due process rights are limited to those set forth by Congress. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020). Generally, "an alien who is detained shortly after unlawful entry cannot be said to have effected an entry. Like an alien detained after arriving at a port of entry, an alien like respondent is on the threshold." *Id.* (internal citations and quotation marks omitted). A noncitizen in Petitioner's "position has only those rights regarding admission that Congress has provided by statute." *Id.*; *Sierra Immigr. & Naturalization Serv.*, 258 F.3d 1213, 1218 (10th Cir. 2001) ("Ordinarily, then, '[w]hatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned.' ") (quoting in part *United States ex rel. Knauff v. Shaughnessy,* 338 U.S. 537, 544, 70 S.Ct. 309, 94 L.Ed. 317 (1950)). Here, Petitioner was detained at the border and deemed not to have effected an entry into the country. Therefore, his procedural due process rights are limited to those provided by Congress. *Thuraissigiam,* 591 U.S. at 140. Here, § 1225(b) mandates his detention pending a decision on his removal.

Based in part on these above cases, some district courts in this circuit have held there is no procedural due process violation for prolonged detention where the noncitizen is held under § 1225(b). *Gonzalez Aguilar v. Wolf*, 448 F. Supp. 3d 1202, 1212 (D.N.M. 2020) (concluding petitioner, detained under 8 U.S.C. § 1225(b)(2)(A), "has no statutory right to release or a bond hearing" and thus "has no due-process right to the relief requested."); *Richards v. Choate,* No. 1:25-CV-03134-DDD-STV, 2025 WL 4474703, at *4 (D. Colo. Dec. 5, 2025).

Petitioner has not demonstrated how his detention is prolonged in violation of due process. Petitioner summarily asserts a due process claim, but does not analyze his claim or submit authority in support of his claim. Considering the burden of proof as well as principle of party presentation, the Court declines to adjudicate a due process claim *sua sponte* without briefing by the parties.

Petitioner bears the burden of proof of showing that he is entitled to relief or a remedy. *See* 28 U.S.C. § 2241; *Odell v. Hudspeth*, 189 F.2d 300, 302 (10th Cir. 1951) (In § 2241 proceeding, "[t]he burden of proof was upon the petitioner to sustain these allegations."); *see also Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("The burden of proof of showing deprivation of rights leading to unlawful detention [under § 2241] is on the petitioner."); *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) ("[I]t was error for the District Court to effectively impose on the Government the burden of proving that [petitioner] was *not* 'in custody in violation of the Constitution or laws or treaties of the United States' " under § 2241); *see also Smith v. Workman*, 550 F.3d 1258, 1273 (10th Cir. 2008) (noting that, in the context a *Brady* violation, the petitioner "bears the burden of showing that the prosecution suppressed material evidence favorable" to the petitioner); *McDonald v. Feeley*, 535 F. Supp. 3d 128, 135 (W.D.N.Y. 2021) (in § 2241 proceeding challenging his immigration detention, petitioner bears burden of proving by preponderance of evidence that he is detained contrary to law). Here, Petitioner failed to argue or carry his burden to show a due process violation for prolonged detention.

To the extent Petitioner asserts a *Zadvydas* claim, that claim fails. Petitioner does not have a final order of removal. *Zadvydas* therefore does not apply. *See, e.g., Demore v. Kim*, 538 U.S. 510, 527–28 (2003) (explaining that *Zadvydas* did not apply where final order of removal was not issued).

In an unpublished decision, the Tenth Circuit held that a noncitizen detained for more than three years pending a decision on removal proceedings under § 1226(a) was not entitled to relief for indefinite detention under *Zadvydas*. *See Mwangi v. Terry*, 465 F. App'x 784, 787 (10th Cir. 2012). It reasoned that the end of his detention remained reasonably forseeable because he was detained pending a decision on whether he was to be removed from the United States, and there

was nothing in the record to suggest that the petitioner was unremovable. *Id.* Similarly, in a published case the Tenth Circuit rejected the application of *Zadvydas* to a petitioner who had a removal order with an appeal pending, explaining as follows:

> But for now, his detention is clearly neither indefinite nor potentially permanent like the detention held improper in *Zadvydas;* it is, rather, directly associated with a judicial review process that has a definite and evidently impending termination point, and, thus, is more akin to detention during the administrative review process, which was upheld in *Demore v. Kim,* 538 U.S. 510, 527–29, 531, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process.").

*Soberanes v. Comfort*, 388 F.3d 1305, 1311 (10th Cir. 2004). Petitioner has not demonstrated that his detention is indefinite or his appeal of his removal order will not be processed.

To the extent Petitioner asserts a substantive due process claim, it does not appear to be meritorious. Petitioner has substantive due process rights. *Rodriguez-Fernandez v. Wilkinson*, 654 F.2d 1382, 1387 (10th Cir. 1981) ("[A]n excluded alien in physical custody within the United States may not be 'punished' without being accorded the substantive ... due process guarantees of the Fifth Amendment."). Respondents may violate a noncitizen's substantive due process rights if immigration detention becomes punitive. *Id.* Nevertheless, "the mere fact that a person is detained does not inexorably lead to the conclusion that the government has imposed punishment." *United States v. Salerno*, 481 U.S. 739, 746 (1987). A restriction on liberty is punitive rather than regulatory if (a) the government intends to impose punishment, or (b) the restriction is not rationally related to a legitimate nonpunitive governmental purpose or is excessive in relation to that purpose. *Id.* at 747.

"[S]ince *Mathews,* this Court has firmly and repeatedly endorsed the proposition that Congress may make rules as to aliens that would be unacceptable if applied to citizens." *Demore v. Kim*, 538 U.S. 510, 522 (2003). Detention pending removal proceedings "is a constitutionally

permissible part of the process." *Demore*, 538 U.S. at 531. Detention pending a removal decision "necessarily serves the purpose of preventing deportable [ ] aliens from fleeing prior to or during their removal proceedings, thus increasing the chance that, if ordered removed, the aliens will be successfully removed." *Demore,* 538 U.S. at 528 (considering mandatory detention under §1226(c)). By its nature, mandatory detention under § 1225 is definite—its "obvious termination point" is the entry of a final removal order. *Zadvydas*, 533 U.S. at 697. Due process requires that the duration of mandatory detention bear "a reasonable relation to the purpose for which the individual was committed." *Zadvydas*, 533 U.S. at 690 (cleaned up).

Here, Petitioner has been detained since June 2025. But Petitioner does not present any facts suggesting that a decision on his removal will not occur, or that his detention is punitive. A removal order was issued in February 2026, and Petitioner appealed his removal order to the BIA. The appeal remains pending. Petitioner has not argued or presented evidence that his removal proceedings will not be adjudicated or processed. Therefore, it is clear that Petitioner is being detained pending a decision on his removal, not to merely punish him. Moreover, his detention is rationally related to the legitimate governmental purpose of adjudicating his removal and ultimately removing him from the country. Petitioner does not demonstrate how his detention is excessive in relation to its purpose. Based on the arguments and record before the Court, the Court declines to find that Petitioner's substantive due process rights have been violated based on the length of his detention pending a decision on his removal proceedings. Therefore, Petitioner's substantive due process claim fails.

**IT IS THEREFORE ORDERED** that Petitioner's Petition (Doc. 1) is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's Motion for Temporary Restraining Order (Doc. 8) is **DENIED.**

/S/

KEA W. RIGGS
UNITED STATES DISTRICT JUDGE